UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

INFORMED CONSENT ACTION NETWORK,
2025 Guadalupe Street, Suite 260
Austin, Texas 78705

        Plaintiff,

-against-

NATIONAL CANCER INSTITUTE
c/o U.S. Department of Health, General Counsel
200 Independence Avenue, S.W.
Washington, DC 20201

-and-

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,
200 Independence Avenue, S.W.
Washington, DC 20201

        Defendants.

Civil Action No. 1:24-cv-279

---

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against Defendants National Cancer Institute ("**NCI**") and the United States Department of Health and Human Services ("**HHS**" together with NCI and HHS "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

1

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

4. Defendant NCI is an agency within the Executive Branch of the United States Government and is a part of National Institutes of Health, which is an agency that is part of HHS. NCI is an agency within the meaning of 5 U.S.C. § 552(f). NIH has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant HHS is an agency within the Executive Branch of the United States Government. HHS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On April 18, 2023, Plaintiff sent a FOIA request to NCI seeking copies of the following records:

> (1) All email communications[1] between Eric O. Freed[2] and Oliver Schildgen[3] from August 20, 2021 through May 31, 2022.
> (2) All email communications sent or received by Eric O. Freed containing "Jiang" AND any of the following terms:
> 1. paper

---

[1] Including email attachments.
[2] https://ccr.cancer.gov/staff-directory/eric-o-freed
[3] https://www.uni-wh.de/detailseiten/kontakte/oliver-schildgen-2594/f0/

    2. expression
    3. concern
    4. retract*
    * = Boolean search of term

(**Exhibit 1.**)

7.    Defendant NIH acknowledged Plaintiff's FOIA request on April 18, 2023, and assigned it Case Number 60034. (**Exhibit 2.**)

10.    On April 25, 2023, Defendant NCI issued a Final Response letter which stated in relevant part:

> We conducted a search for records and located 490 pages responsive to your request. I have determined to withhold all those records in full pursuant to exemption 4 of the FOIA, 5 U.S.C. § 552 (b)(4), and section 5.3l (d) of the HHS FOIA Regulations, 45 CFR Part 5. Exemption 4 protects from disclosure trade secrets and commercial or financial information that is privileged and confidential. The records withheld are communications about the review process and content is confidential. (**Exhibit 3.**)

11.    On May 8, 2023, Plaintiff appealed NCI's final response. (**Exhibit 4.**)

12.    Defendant HHS acknowledged Plaintiff's appeal on May 9, 2023, and assigned it Case Number 2023-00152-A-PHS. (**Exhibit 5.**)

13.    On September 25, 2023, HHS issued its final response denying Plaintiff's appeal. (**Exhibit 6.**)

## COUNT I
## IMPROPER REDACTIONS OF RECORDS
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

14.    Plaintiff realleges the previous paragraphs as if fully stated herein.

15.    Defendants are in violation of FOIA.

16.    For appeal Case No. 2023-00152-A-PHS, Defendants have failed to establish the validity of their claimed exemption despite Plaintiff challenging the same in Plaintiff's appeal.

17. Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

18. Plaintiff has no adequate remedy at law.

## COUNT II
### ENTITLEMENT TO WAIVER OF SEARCH FEES

19. Plaintiff realleges the previous paragraphs as if fully stated herein.

20. Defendants are in violation of FOIA.

21. Plaintiff sought a waiver of fees. Defendants failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

22. Plaintiff is entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendants' current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b. Order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

c. Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

e. Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

g. Grant Plaintiff a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

h. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 30, 2024　　　　　　　　　　　SIRI & GLIMSTAD LLP

　　　　　　　　　　　　　　　　　　　　　　 */s/ Elizabeth A. Brehm*
　　　　　　　　　　　　　　　　　　　　　　Elizabeth A. Brehm, DC Bar No. NY0532
　　　　　　　　　　　　　　　　　　　　　　R. Scott Pietrowski, MS Bar No. 99387
　　　　　　　　　　　　　　　　　　　　　　(*pro hac vice to be filed*)
　　　　　　　　　　　　　　　　　　　　　　Siri & Glimstad LLP
　　　　　　　　　　　　　　　　　　　　　　745 Fifth Avenue, Suite 500
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10151
　　　　　　　　　　　　　　　　　　　　　　Tel: (212) 532-1091
　　　　　　　　　　　　　　　　　　　　　　ebrehm@sirillp.com
　　　　　　　　　　　　　　　　　　　　　　spietrowski@sirillp.com